UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Criminal Case Number 14-20117
                                                         Honorable David M. Lawson

v.

CHRISTOPHER BALL,

        Defendant.
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE

The defendant was sentenced on September 9, 2015 to a prison term of 120 months following his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine and conspiracy to use a communications device in furtherance of a drug-trafficking crime. 21 U.S.C. §§ 841(a)(1), 843(b), and 846. Prior to sentencing, the Court entered a stipulated order of forfeiture under seal that directed the defendant to satisfy a money judgment in the amount of $150,000 mandated by 21 U.S.C. § 853, representing the total value of the property subject to forfeiture for the defendant's violations. The order stated the defendant shall be jointly and severally liable for the money judgment with his co-defendants convicted of violating § 841(a)(1). The order also noted that, by entering into the stipulation, the defendant expressly waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment. At the sentencing hearing, the Court granted the government's oral motion to include the stipulated order of forfeiture in the defendant's judgment. The defendant voiced no objections to the sentence at the time and did not file a direct appeal.

On July 11, 2017, the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, the defendant expressly states that he does not challenge the validity of the custodial component of his sentence, contesting only the forfeiture portion of his judgment. He argues the money judgment was unlawful because it was based on joint and several liability. The defendant avers that the property he actually acquired as a result of the crime was approximately $20,000 and that the additional $130,000 contemplated by the forfeiture order accounts for property obtained solely by his co-conspirators. The defendant cites *Honeycutt v. United States*, --- U.S. ---, 137 S. Ct. 1626, 1635 (2017), in support of his position, where the Supreme Court concluded "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." The Court held that section 853, by its plain text, forecloses joint and several liability for co-conspirators. *Id.* at 1633.

The defendant states three additional grounds for challenging the validity of the forfeiture money judgment. He argues the government did not comply with section 853(p)'s procedural requirements in violation of his due process rights under the Fifth Amendment. He also argues that the Court never gave him oral notice at sentencing of the money judgment in violation of Federal Rule of Criminal Procedure 32.2(b)(4)(B) and Due Process, and relatedly, because the Court's oral pronouncement controls over the written judgment, any attempt by the Bureau of Prisons to collect on the forfeiture order is unlawful. The defendant asks the Court to vacate the money judgment, order the government and Bureau of Prisons to refund all monies collected under the judgment, and hold an evidentiary hearing to resolve any factual disputes relating to this action.

Section 2255(a) authorizes "[a] prisoner in custody . . . claiming the right to be released" to challenge the validity of his sentence by showing it "was imposed in violation of the Constitution

or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction "is otherwise subject to collateral attack." By its terms, section 2255 permits courts to hear only challenges to the defendant's custody or confinement. *See Duggins v. United States*, 240 F.2d 479, 484 (6th Cir. 1957) ("[T]he right to relief under Sec. 2255 is limited by the express terms of the statute to situations where the prisoner is attacking the judgment under which he is in custody and, if successful, would be entitled to be released."). Courts uniformly have held that defendants cannot use section 2255 to attack restitution or forfeiture orders incorporated in their judgments.

> The custodial limitation embedded in the text of the federal postconviction statutes makes plain that convicted defendants have no right to use those statutes to raise freestanding challenges to the non-custodial components of their sentences, including forfeiture orders. *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) ("monetary component of a sentence" does not satisfy the "in custody" requirement of federal habeas statutes); *United States v. Finze*, 428 Fed.Appx. 672, 677 (9th Cir. 2011) (unpublished) (because a "forfeiture claim ... is not a claim for release from custody," claim is not cognizable on collateral review), cert. denied, 565 U.S. 902 (2011); *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (Section 2255 "is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody."), cert. denied, 540 U.S. 839 (2003); *see also Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases); *Campbell v. United States*, 330 Fed.Appx. 482, 482-83 (5th Cir. 2009) (per curiam) (unpublished) (fine and restitution orders not challengeable in a Section 2241 petition); *Arnaiz v. Warden*, 594 F.3d 1326, 1329 (11th Cir. 2010) (per curiam) (restitution order not challengeable in a Section 2241 petition); *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir.) (fine and restitution orders not challengeable in a Section 2255 proceeding) (collecting cases), cert. denied, 540 U.S. 1084 (2003).

*United States v. Alquza,* No. 11-CR-373, 2017 WL 4451146 at *3 (W.D.N.C. Sept. 21, 2017).

Moreover, at least three courts recently have denied motions to vacate raising *Honeycutt* arguments under section 2255(a). *See Ferguson v. United States*, No. 16-CR-00010, 2017 WL 5991743 at *1 (S.D. Ohio Dec. 4, 2017) ("'There is no indication that the Sixth Circuit has ever

permitted a 2255 challenge to a forfeiture judgment.'" (quoting *United States v. Blankenship*, No. 7:15-011-DCR, 2017 WL 3260604, at *3)); *Alquza*, No. 11-CR-373, 2017 WL 4451146 at *3 ("Defendant may not invoke *Honeycutt* on collateral review in . . . a motion to vacate under 28 U.S.C. § 2255."); *Bangiyev v. United States*, No. 14-CR-206, 2017 WL 3599640 at *4 (E.D. Va. Aug. 18, 2017) ("To the extent that Petitioner seeks to reduce the amount he owes in forfeiture through this Motion, the Government correctly points out that the relief cannot be provided through § 2255.").

The Court sees no reason to depart from those holdings and similarly concludes that section 2255 forecloses defendant's *Honeycutt* and other forfeiture-related claims. However, the Court recognizes that a *Honeycutt* argument may be raised on direct appeal. Indeed, in *United States v. Elliott, et al.*, --- F.3d ---, Nos. 16-6474/6676/6683, 2017 WL 5895194 (6th Cir. Nov. 30, 2017), three defendants convicted of conspiracy to distribute oxycodone directly appealed the district court's assessment of $10 million in forfeiture proceeds, for which the defendants were jointly and severally liable. The Sixth Circuit, in light of *Honeycutt*, remanded the defendants' forfeiture judgments for recalculation "up to the amount each defendant acquired from the crime, and without the imposition of joint and several liability." *Id.* at *9.

Section 2255 does not provide a basis for the defendant's forfeiture attack and his motion to vacate must be dismissed for that reason. The Court, therefore, will not reach the merits of the defendant's arguments.

Accordingly, it is **ORDERED** that the motion to vacate sentence [dkt. #664] is **DENIED**.

It is further **ORDERED** that the defendant's motion to stay forfeiture collection [dkt. #682] is **DISMISSED AS MOOT**.

s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: December 7, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2017.

                        s/Susan Pinkowski
                        SUSAN PINKOWSKI